[Cite as *State v. Masters*, 2020-Ohio-864.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-037** |
| TODD MASTERS, II, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 000835

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Mandy J. Gwirtz*, Mandy Gwirtz, LLC, 20050 Lakeshore Boulevard, Euclid, Ohio 44123 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Todd Masters, II, appeals his conviction for complicity to commit insurance fraud. He challenges the sufficiency and the manifest weight of the evidence, contending that the state failed to demonstrate he was aware of the false insurance claim submission. We affirm.

{¶2} As of July 2018, Jodi and Ryan Nau were living in a duplex in Lake County, Ohio. The couple was in debt.

{¶3}   According to her, by June 2018, Jodi was regularly going on five-day binges during which she would consume two grams of cocaine each day and drink considerable amounts of liquor.  Jodi had virtually no memory of events during the spring of that year.  She also became indebted to appellant, her cocaine supplier.

{¶4}   Jodi and appellant saw each other on a fairly regular basis for drug deals and developed a friendship.  Jodi told appellant about her financial problems, and they discussed ways in which Jodi could obtain additional funds so she could pay her debt to him.

{¶5}   Jodi raised the possibility of someone burglarizing her home so that she could file an insurance claim.  Appellant responded that he did not want to be involved.  Nevertheless, Jodi raised this idea with him again at a later date.

{¶6}   On the afternoon of July 4, 2018, Jodi and Ryan went to a family outing in Newbury, Ohio.  Upon returning home at approximately 7:00 p.m., they noticed that two vehicles and two dirt bikes had been taken from their driveway.  One of the vehicles was Ryan's Ford truck, attached to which was a trailer carrying a snowmobile.  The upstairs of their home was ransacked, and multiple items had been taken, including stereo equipment, a child's gaming system, and various firearms.

{¶7}   Jodi contacted the Lake County Sheriff's Department.  The department quickly received notice from the City of East Cleveland that although both vehicles were found in a vacant lot, they had been set afire and were severely damaged.

{¶8}   Within days of the burglary, Jodi and Ryan filed a claim with their insurance company.  During an interview, Jodi told the insurance investigator that she did not know anyone who lived near where the burnt vehicles were found.  However, after obtaining

2

copies of the call log and text logs for Jodi's cell phone, the investigator noticed that during the days leading up to the incident, she had numerous contacts with another cell phone belonging to appellant.

{¶9} Approximately three weeks after the burglary, Jodi admitted that the burglary had been staged so that she could submit a false insurance claim and obtain funds to settle her cocaine debt. As part of her written statement, she implicated appellant. Ultimately, Jodi pleaded guilty to one count of insurance fraud, but was granted intervention in lieu of conviction.

{¶10} Jodi also participated in a controlled telephone call with appellant which was recorded by the detectives. During the conversation, Jodi referenced some of the items that had been taken in the staged burglary, stating that she was hoping to get a few of them back. In response, appellant only said that he knew who had the two dirt bikes and that he would keep an "eye out" for them.

{¶11} Since appellant did not admit to having participated in the staged burglary, Jodi met with him again and recorded the conversation without any assistance from the detectives. After appellant said that he knew where the two dirt bikes were, Jodi inquired if it would be possible to retrieve one of the firearms that was taken. When appellant replied that the only thing he could do would be to ask another person about the status of the firearm, Jodi then told him that she had seen the two burnt vehicles and was amazed by the damage. In response, appellant said that the explosion "knocked me like away." He also agreed with Jodi's statement that he had scars from the incident.

{¶12} In November 2018, appellant was indicted on one count of complicity in the commission of insurance fraud, a fourth-degree felony under R.C. 2923.02(A) and R.C.

3

2913.47(B)(1).  He was convicted following a bench trial.  The insurance investigator testified that on the day of the staged burglary, Jodi and appellant had three phone conversations and exchanged more than 200 text messages.  Although Jodi could not recall any details of the conversations she had with appellant that day, she stated that she felt responsible for the burglary because she gave him permission to enter her home and take the items.  The state also played the tapes of the two conversations she had with appellant.  Appellant did not present any evidence in defense.

{¶13}  Appellant has advanced two assignments:

{¶14}  "[1.] The trial court erred in failing to grant a judgment of acquittal pursuant to Crim.R. 29(A), on the charge of Insurance Fraud, and thereafter entering a judgment of conviction on that offense which was not supported by sufficient evidence, in derogation of appellant's right to due process of law, as protected by the Fourteenth Amendment to the United States Constitution.

{¶15}  "[2.] The trial court erred by entering a judgment of conviction of Insurance Fraud that was against the manifest weight of the evidence, in derogation of appellant's right to due process of law, as protected by the Fourteenth Amendment to the United States Constitution."

{¶16}  Although stated slightly differently, the arguments raised under appellant's two assignments are identical.  He maintains that his conviction for complicity in insurance fraud must be reversed because the state did not establish beyond a reasonable doubt that (1) he was the individual who took the various items from the Nau home; and (2) he was not involved in the actual filing of the insurance claim.

{¶17}  When the appellant challenges both the sufficiency and the manifest weight

4

of the state's evidence in an appeal, the appellate court need only address the manifest weight argument because the conclusion that a verdict is not against the manifest weight necessarily entails the additional holding that it is also supported by sufficient evidence. *State v. Craig*, 11th Dist. Lake No. 2016-L-113, 2017-Ohio-8939, ¶ 52, quoting *State v. DiBiase*, 11th Dist. Lake No. 2011-L-124, 2012-Ohio-6126, ¶ 38.

{¶18} "The test for determining whether a conviction is against the manifest weight of the evidence differs from the test as to whether there is sufficient evidence to support the conviction. 'Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."' [*State v. Thompkins*, 78 Ohio St.3d 380] at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990) (emphasis omitted). Even though an appellate court finds sufficient evidence to support a judgment, the court may conclude that a judgment is against the manifest weight of the evidence. [*State v. Taylor*, 10th Dist. Franklin No. 14AP-857, 2015-Ohio-3252], at ¶ 10, citing *Thompkins* at 387. An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id*.

{¶19} "Within a manifest weight of the judgment review, an appellate court considers the credibility of the witnesses. Courts should only reverse based upon manifest weight grounds in 'the exceptional case in which the evidence weighs heavily against the conviction.' *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). 'Moreover, "'it is inappropriate for a reviewing court to interfere with factual

5

findings of the trier of fact (* * *) unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible.'"" *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 7 * * *. Therefore, we provide great deference to the [trier of fact]'s determination of witness credibility. *Redman* at ¶ 26 * * *. The appellate court's 'ability to weigh the evidence and consider the credibility of witnesses is limited, since we must be mindful that the trier of fact was in the best position to evaluate the demeanor and credibility of witnesses and determine the weight to be accorded to the evidence.' *State v. Galloway,* 10th Dist. No. 03AP-407, 2004-Ohio-557, citing [*State v. DeHass*, 10 Ohio St.2d 230 (1967)], at paragraph one of the syllabus. The trier of facts is free to believe all, part, or none of the testimony of each witness appearing before it. *State v. Lindsey*, 10th Dist. No. 14AP-751, 2015-Ohio-2169, ¶ 44 * * *." *State v. Anderson*, 10th Dist. Franklin No. 14AP-1047, 2015-Ohio-4458, ¶ 16-17.

{¶20} As stated, appellant was convicted of complicity to commit insurance fraud in violation of R.C. 2913.47:

{¶21} "(B) No person, with purpose to defraud or knowing that the person is facilitating a fraud, shall do either of the following:

{¶22} "(1) Present to, or cause to be presented to, an insurer any written or oral statement that is part of, or in support of, an application for insurance, a claim for payment pursuant to a policy, or a claim for any other benefit pursuant to a policy, knowing that the statement, or any part of the statement, is false or deceptive * * *."

{¶23} Appellant first contends the state failed to present any credible evidence that he took or stole the various items from the Nau property. We disagree. Jodi testified that prior to the incident she spoke to appellant about the possibility of someone taking

6

personal property from her home so she could submit a claim with her insurance company. Further, she testified that after the items were taken, she felt responsible because she gave appellant permission to commit the offense. Moreover, the taped conversations she had with appellant after the incident demonstrate that he was present when the vehicles and trailer were burnt and that he was aware of the location of the dirt bikes after they were taken. The investigator's testimony also established that Jodi and appellant exchanged more than 200 text messages on the day of the incident.

{¶24} Appellant maintains that Jodi's testimony should be disregarded because she could not recall any of the conversations or text messages she had with appellant on the day of the incident. However, Jodi explained that her lack of memory resulted from her cocaine binges. Thus, the trial court could justifiably believe that even though Jodi could not recall specific events on the day of the burglary, she could still recall conversations she had with appellant prior to the incident. To this extent, the trial court was permitted to find aspects of Jodi's testimony credible.

{¶25} Appellant further argues that there is no evidence establishing that he was involved in the actual submission of the insurance claim. While this may be factually correct, it is not controlling. A defendant may be convicted of complicity under R.C. 2923.03(A)(2) when the evidence shows that he "supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson,* 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus. Thus, by taking or stealing the various items as planned, appellant was complicit in committing fraud.

{¶26} Given the evidence, the trial court clearly did not lose its way in finding

7

appellant guilty of complicity to commit insurance fraud. Therefore, his conviction is not against the manifest weight of the evidence and necessarily supported by sufficient evidence. For these reasons, appellant's assignments are without merit.

{¶27} The judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.