[Cite as *State v. Fiederer*, 2020-Ohio-4953.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-142** |
| PAUL J. FIEDERER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Painesville Municipal Court, Case No. 2019 CRB 00281.

Judgment: Affirmed.

*Ron M. Graham,* 8039 Broadmoor Road, Suite 21, Mentor, Ohio 44060 (For Plaintiff-Appellee).

*Jay F. Crook,* Jay F. Crook Attorney at Law, LLC, 30601 Euclid Avenue, Wickliffe, Ohio 44092 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Paul J. Fiederer, appeals his aggravated menacing conviction arguing insufficient evidence, manifest weight of the evidence, and ineffective assistance of trial counsel. We affirm.

{¶2} On April 9, 2018, Lakisha Johnson went to Walmart. She parked her car, and while walking toward the store in the traveling aisle of the row where she parked, saw a stopped truck facing her. The driver, later identified as Fiederer, drove toward Johnson,

and when he got close, swerved at her. To avoid being struck, Johnson jumped between two parked vehicles. Fiederer then stopped his truck by Johnson's vehicle, and she yelled at him before he left.

{¶3} Officer Amy Spencer responded to Johnson's 911 call. After hearing Johnson's version of events, Officer Spencer reviewed store surveillance tape of the incident. The tape confirmed the incident and that the truck involved was a blue Ford Ranger with a white sheet in the bed. Unable to identify the license plates, Officer Spencer compiled a list of blue Ford Ranger owners within the township to investigate.

{¶4} When Officer Spencer went to question Fiederer, she saw a white sheet in the bed of his blue Ford Ranger. He denied any involvement and said that no one else had used his truck on the day of the incident. Nevertheless, as part of her investigation, Officer Spencer conducted a photo line-up that included Fiederer's driver's license photo. Johnson identified Fiederer as the driver both after the accident and at trial.

{¶5} In contrast to what he originally told Officer Spencer, Fiederer testified that on the date of the incident, he loaned his truck to a young man who had mowed his lawn. Another witness, an employee of Fiederer's family business, testified that he saw Fiederer give his keys to a young man. Neither, however, provided this man's name.

{¶6} The trial court found Fiederer guilty and sentenced him to 12 months of community control, including 30 days in jail.

{¶7} In appealing his conviction, Fiederer assigns the following as error:

{¶8} "[1.] The trial court erred in finding appellant guilty on the sole charge in the indictment, aggravated menacing, a violation of R.C. 2903.01, as such a finding was based on insufficient evidence and was against the manifest weight of the evidence.

2

{¶9} "[2.] Trial counsel was ineffective in failing to move to suppress the photo identification of [the victim] as being violative of Ohio law governing such identifications."

{¶10} Under his first assignment, Fiederer contests both the sufficiency and manifest weight of the state's evidence. First, he contends that the victim's testimony is unbelievable because her initial description of the driver is inconsistent with his physical appearance. Second, he asserts that his testimony of allowing another to drive his truck should have been believed because it is corroborated by an independent witness.

{¶11} "When an appellant raises both sufficiency and manifest weight arguments in an appeal, the appellate court is only required to review the latter argument because '"a determination of whether a conviction is or is not supported by the weight of the evidence 'necessarily rests on the existence of sufficient evidence.'"'" *State v. DiBiase*, 11th Dist. Lake No. 2011-L-124, 2012-Ohio-6125, ¶ 38, quoting *State v. Pesec*, 11th Dist. Portage No. 2006-P-0084, 2007-Ohio-3846, ¶ 44." *State v. Craig*, 11th Dist. Lake No. 2016-L-113, 2017-Ohio-8939, ¶ 52.

{¶12} "'The test for determining whether a conviction is against the manifest weight of the evidence differs from the test as to whether there is sufficient evidence to support the conviction. "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather the other.'" [*State v. Thompkins*, 78 Ohio St.3d 380] at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990) (emphasis omitted). Even though an appellate court finds sufficient evidence to support a judgment, the court may conclude that a judgment is against the manifest weight of the evidence. [*State v. Taylor*, 10th Dist. Franklin No. 14AP-857, 2015-Ohio-3252], at ¶ 10, citing *Thompkins* at 387. An appellate court must review the entire

3

record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.*'

{¶13} "'Within a manifest weight of the judgment review, an appellate court considers the credibility of the witnesses. Courts should only reverse based upon manifest weight grounds in "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). "Moreover, '"it is inappropriate for a reviewing court to interfere with factual findings of the trier of fact (* * *) unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible."'" *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 7 * * *. Therefore, we provide great deference to the [trier of fact]'s determination of witness credibility. *Redman* at ¶ 26 * * *. The appellate court's "ability to weigh the evidence and consider the credibility of witnesses is limited, since we must be mindful that the trier of fact was in the best position to evaluate the demeanor and credibility of witnesses and determine the weight to be accorded to the evidence." *State v. Galloway*, 10th Dist. No. 03AP-407, 2004-Ohio-557, citing [*State v. DeHass*, 10 Ohio St.2d 230 (1967)], at paragraph one of the syllabus. The trier of fact is free to believe all, part, or none of the testimony of each witness appearing before it. *State v. Lindsey*, 10th Dist. No. 14AP-751, 2015-Ohio-2169, ¶ 44 * * *.' *State v. Anderson*, 10th Dist. Franklin No. 14AP-1047, 2015-Ohio-4458, ¶ 16-17." *State v. Masters*, 11th Dist. Lake No. 2019-L-037, 2020-Ohio-864, ¶ 18-19.

{¶14} R.C. 2903.21(A), *Aggravating menacing*, provides: "No person shall

4

knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person * * *."

{¶15} Fiederer first argues that Johnson's identification of him should have been rejected because her description changed over time. When Johnson spoke to the investigating officer shortly after the incident, she described the driver as having a ponytail. However, Johnson later retracted this and said the driver was wearing a baseball cap. Fiederer did not have a ponytail. Although this weighs in his favor, it does not render Johnson's identification unbelievable. Johnson identified Fiederer from the photo lineup with 100% certainty and later during the trial.

{¶16} Fiederer also argues that the trial court should have given greater weight to his corroborated testimony that he loaned his truck to the young man. However, this conflicts with his initial statement to Officer Spencer that no one else used his truck that day. Moreover, the weight of this testimony was undermined when neither he nor his corroborating witness provided a name. And, even if someone else also drove Fiederer's truck that day, it does not mean that he was not driving it at the time of the incident.

{¶17} Fiederer also maintains that even if he were the driver there is no evidence that he caused Johnson to believe that she would suffer serious physical harm. But Johnson testified that the truck swerved toward her causing her to jump between two vehicles and that she feared she would be hit. Officer Spencer also testified, and the surveillance footage confirms that the truck swerved toward Johnson and that she jumped between two cars to avoid being struck.

{¶18} The trial court did not lose its way. Fiederer's conviction is not against the manifest weight of the evidence and is necessarily supported by sufficient evidence.

5

Fiederer's first assignment is without merit.

{¶19} Under his second assignment, Fiederer argues ineffective assistance of trial counsel for not moving to suppress the results of the photo line-up. However, Fiederer's trial counsel filed a motion to suppress challenging the photo line-up as unduly suggestive and unreliable. To the extent that the claimed failure is baseless, the second assignment lacks merit.

{¶20} The judgment of the Painesville Municipal Court is affirmed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.