[Cite as *State v. Cabrera*, 2023-Ohio-770.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,
CITY OF ASHTABULA,

        Plaintiff-Appellee,

- vs -

ELISEO CABRERA,

        Defendant-Appellant.

**CASE NOS. 2022-A-0083**
**2022-A-0084**
**2022-A-0085**
**2022-A-0086**

Criminal Appeals from the
Municipal Court

Trial Court Nos. 2021 CRB 01555 C
2021 CRB 01555 A
2021 CRB 01555 B
2021 CRB 01555 D

**O P I N I O N**

Decided: March 13, 2023
Judgment: Affirmed

*Cecilia M. Cooper*, Ashtabula City Solicitor, and *Lori B. Lamer*, Special Assistant Solicitor, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Margaret Brunarski,* Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Eliseo Cabrera, appeals his conviction for domestic violence following a bench trial.

{¶2} In 2021, complaints were filed in four separate cases charging Cabrera with the following first-degree misdemeanors: criminal damaging in violation of R.C.

2909.06(A)(2), endangering children in violation of R.C. 2912.22(C)(1), domestic violence (naming Cabrera's daughter as the victim) in violation of R.C. 2919.25(A), and domestic violence (naming Cabrera's girlfriend as the victim) in violation of R.C. 2919.25(C).[1] The complaints stemmed from a dispute between Cabrera and his girlfriend that occurred at the home where they resided with their three children on the evening of December 6, 2021.

{¶3} Cabrera pleaded not guilty, and the cases proceeded to a consolidated bench trial. The state presented the testimony of Cabrera's girlfriend and the responding police officer. After the close of the state's case, the court dismissed all of the complaints except the complaint charging Carbrera with domestic violence against his daughter. Cabrera then testified on his own behalf, and the defense rested.

{¶4} Thereafter, the trial court found Cabrera guilty of domestic violence as charged in the sole remaining complaint and proceeded directly to sentencing. The court sentenced Cabrera to 60 days of confinement, with 50 days suspended, six months of probation with conditions, and a $150.00 fine. Upon Cabrera's motion, the court stayed the sentence pending appeal.

{¶5} In his sole assigned error, Cabrera argues:

> The trial court committed prejudicial error and deprived Eliseo Cabrera of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution by finding Mr. Cabrera guilty of domestic violence because the conviction was not supported by sufficient evidence and is against the manifest weight of the evidence.

---

1. With respect to the case alleging domestic violence against Cabrera's girlfriend, absent circumstances not alleged here, a violation of R.C. 2919.25(C) is a misdemeanor of the *fourth* degree. At trial, the state acknowledged that this complaint was incorrectly worded. As this complaint was ultimately dismissed, we merely note the discrepancy for clarification.

Case No. 2022-A-0083, 2022-A-0084, 2022-A-0085, 2022-A-0086

**{¶6}** "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "In essence, sufficiency is a test of adequacy." *Id.* "In a sufficiency-of-the-evidence inquiry, the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *State v. Dent*, 163 Ohio St.3d 390, 2020-Ohio-6670, 170 N.E.3d 816, ¶ 15, citing *State v. Jenks*, 61 Ohio St.3d 259, 259-60, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶7}** Unlike sufficiency of the evidence, "[w]eight of the evidence concerns 'the inclination of the *greater amount of credible evidence * * ** to support one side of the issue rather than the other.'" (Emphasis sic.) *Thompkins* at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 72 L.Ed.2d 652, 102 S.Ct. 2211, 2218 (1982). When considering challenges to the weight of the evidence, the appellate court reviews "'the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"

3

Case No. 2022-A-0083, 2022-A-0084, 2022-A-0085, 2022-A-0086

*Thompkins* at 387, quoting *Martin* at 175; *accord State v. Masters*, 11th Dist. Lake No. 2019-L-037, 2020-Ohio-864, ¶ 18-19.

{¶8} Here, Cabrera was convicted of domestic violence against his daughter in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶9} At trial, the state first presented the testimony of Cabrera's girlfriend. The girlfriend testified that she and Cabrera have been in a relationship intermittently for 11 years, and they lived together with their three children. She maintained that, on the date of the incident, she and Cabrera were engaged in a verbal altercation. Ultimately, the girlfriend went upstairs to lie down with the children. Subsequently, Cabrera grabbed a telephone which he brought to the girlfriend, telling her that she could call the police. The couple then began to argue about who was going to call the police, at which point Cabrera "just tossed the phone," which hit the couple's then eight-year-old daughter on the lip. The daughter was upset, and the girlfriend attempted to calm her. The girlfriend then took the children to a neighbor's house for a short time. When the girlfriend returned home, the house was in disarray, and Cabrera was sleeping. At that point, the girlfriend called the police.

{¶10} The responding officer testified that when he arrived, household items and clothing were strewn about the home. The officer woke Cabrera, who smelled strongly of alcohol, and his eyes were red and glassy, appearing intoxicated. Cabrera denied the allegations that he had thrown a phone and struck his daughter. The officer observed the daughter and noticed some redness and possible swelling on her lips.

4

{¶11} Following the officer's testimony, the state rested and moved to amend the endangering children and criminal damaging charges. The trial court denied the motion. Cabrera moved to dismiss the complaints charging endangering children and domestic violence against the girlfriend pursuant to Crim.R. 29. The trial court then dismissed the complaints charging endangering children, criminal damaging, and domestic violence involving the girlfriend, concluding that these offenses "were not properly charged in the complaints."

{¶12} Cabrera then testified in his own defense. Cabrera maintained that, on the evening at issue, he and his girlfriend were rearranging items in their home to make room for a large Christmas tree. While they were moving the items, they consumed alcohol. The couple had been arguing regarding the girlfriend purportedly being unfaithful. Thereafter, the couple began to argue regarding whether the girlfriend would leave with the children, and Cabrera insisted that the girlfriend would not leave in the car because the car was titled to Cabrera, the girlfriend had not yet obtained her license, and the girlfriend had been drinking. At this point in the argument, the girlfriend and the couple's daughters were in the living room, close to the door. Cabrera obtained the house telephone to call the police, and the girlfriend tried to take it from him. While they were "tussling" over the telephone, it "flew" from their hands, and a large portion of the phone landed by the stairs, and a smaller portion of it became dislodged. Cabrera was unaware of where the smaller portion of the telephone ultimately landed. Cabrera maintained that he did not throw the phone and did not see it hit the daughter. Cabrera acknowledged that the phone was a house telephone, "not a little phone." After the struggle over the telephone, the girlfriend left. Cabrera started to tidy the house and then fell asleep.

5

{¶13} After the defense rested, defense counsel renewed the Crim.R. 29 motion, although counsel acknowledged it "may be moot" due to the trial court's previous ruling. The trial court overruled the motion and thereafter found Cabrera guilty.

{¶14} On appeal, Cabrera maintains that the evidence was insufficient to establish that he "knowingly" caused harm to his daughter. R.C. 2901.22(B) provides, in relevant part, "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." "This court has held that the legal concept of 'knowingly' incorporates the scienter requirement that one ought to know one's actions will 'probably cause certain results.'" *State v. Krause*, 11th Dist. Lake No. 2021-L-019, 2021-Ohio-3657, ¶ 39, quoting *State v. Magnusson*, 11th Dist. Lake No. 2006-L-263, 2007-Ohio-6010, ¶ 51.

{¶15} Cabrera maintains that the evidence failed to demonstrate that he acted knowingly because (1) the state's evidence was insufficient to establish that he knowingly caused the daughter physical harm, and (2) Cabrera testified that he did not throw the phone. The former argument pertains to the sufficiency of the evidence, while the latter argument pertains to the credibility of the witnesses, and thus the weight of the evidence.

{¶16} As to sufficiency, viewing the evidence in a light most favorable to the State, the evidence indicates that, after Cabrera and his girlfriend fought over the telephone, Cabrera threw the telephone with enough force as to cause visible injury to the daughter's face. *See Dent*, 2020-Ohio-6670, at ¶ 15. A rational trier of fact could reasonably infer that Cabrera acted "knowingly," i.e., with awareness that his conduct of throwing a telephone toward his daughter would probably cause physical harm to her. *See* R.C.

6

2901.22(B). Accordingly, sufficient evidence supports the culpable mental state of "knowingly."

{¶17} As to the weight of the evidence, the trial court, as trier of fact, was free to believe or disbelieve the testimony of the witnesses. *State v. Bennett*, 11th Dist. Lake No. 2022-L-007, 2022-Ohio-4471, ¶ 15, quoting *State v. Haney*, 11th Dist. Lake No. 2012-L-098, 2013-Ohio-2823, ¶ 43 ("'[t]he trier of fact is free to believe or disbelieve all or any of the testimony' and 'is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible'"). Accordingly, it was within the trial court's province to discredit Cabrera's testimony pertaining to the incident. We cannot say this is the extraordinary case where the trial court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See Martin*, 20 Ohio App.3d at 175.

{¶18} Accordingly, Cabrera's assigned error lacks merit.

{¶19} The judgment is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2022-A-0083, 2022-A-0084, 2022-A-0085, 2022-A-0086